IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02229-BNB

HUBERT WARREN,

    Petitioner,

v.

[NO RESPONDENT NAMED],

    Respondent.

ORDER OF DISMISSAL

    Petitioner, Hubert Warren, is incarcerated in a state prison in Huntsville, Texas. Mr. Warren has filed *pro se* a Petition for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1), an Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 3), a document titled "Applicant Memorandum of Law With Brief in Support of Applicant's Habeas Corpus 2254 and also acts as Memorandum of Law in Support of Civil Action Complaints" (ECF No. 4), and a document titled "Relevant Evidence to Support Applicant Memorandum of Law With Brief in Support of Applicant Habeas Corpus 2254 and also acts as Memorandum of Law in Support of Civil Action Complaints" (ECF No. 5). Mr. Warren is challenging the validity of his conviction and sentence in a Texas state court criminal case. As relief he asks that the judgment of conviction be reversed and the case remanded to the trial court with instructions to dismiss the charges.

    The Court must construe the petition liberally because Mr. Warren is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed for lack of jurisdiction.

Pursuant to 28 U.S.C. § 2241(a), a writ of habeas corpus may be granted by "the district courts and any circuit judge within their respective jurisdictions." The United States Supreme Court has interpreted this provision as requiring jurisdiction over the applicant's custodian "even if the prisoner himself is confined outside the court's territorial jurisdiction." *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973). The Supreme Court reached this conclusion because "[t]he writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Id.* at 494-95.

The proper respondent in a habeas corpus action is "the person who has custody over [the applicant]." 28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."). In most cases, there is "only one proper respondent to a given prisoner's habeas petition," and the proper respondent generally is "the warden of facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

As reflected in the caption of this order, Mr. Warren has not named a Respondent in the caption of the petition. However, because Mr. Warren is incarcerated in a state prison in Texas and is challenging his present physical confinement resulting from a Texas state criminal conviction and sentence, it is clear on the face of the petition that the proper Respondent in this action is the warden of the

Texas state prison in Huntsville in which Mr. Warren is incarcerated. The Court does not have jurisdiction over the Texas prison warden and, as a result, the Court lacks jurisdiction to consider Mr. Warren's claims in this habeas corpus action.

Although the Court lacks jurisdiction to consider Mr. Warren's claims, the Court may transfer the action to a court in which the action could have been brought if a transfer would be in the interest of justice. *See* 28 U.S.C. § 1631. The Court finds that it would not be in the interests of justice to transfer this action to a federal district court in Texas because Mr. Warren has filed at least four prior federal habeas corpus actions in the United States District Court for the Northern District of Texas challenging the validity of his Texas state court criminal conviction and sentence. *See Warren v. Quarterman*, No. 3-07-CV-0849-N, 2007 WL 1609821 at *1 (N.D. Tex. June 4, 2007) (discussing Mr. Warren's prior filings in that court). Mr. Warren's first federal habeas corpus action was dismissed on the merits and the subsequent actions were dismissed or stricken because they were successive. *See id.* Therefore, because Mr. Warren has sought and been denied habeas corpus relief in the proper court on multiple occasions, the Court will not transfer another successive habeas corpus action to that court. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Petitioner files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.  Accordingly, it is

ORDERED that the habeas corpus petition (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.  It is

FURTHER ORDERED that the Application to Proceed Without Prepayment of Fees and Affidavit (ECF No. 3) is DENIED as moot.  It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   22nd   day of    August         , 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court